IT IS ORDERED as set forth below:

Date: March 28, 2019

Susan D. Barrett

United States Bankruptcy Judge
Southern District of Georgia

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE:<br><br>ARCHIE JOEL CHAMPION, III,<br><br>Debtor | )<br>)<br>)<br>)<br>)<br>) | Chapter 7 Case<br>Number 17-30330 |

**ORDER AND OPINION**

This order addresses two matters. First, the order considers Debtor's Request for Entry of Discharge Forthwith Pursuant to Federal Rule of Bankruptcy Procedure 4004(c) filed by Archie Joel Champion, III ("Debtor"). Second, the order addresses the timeliness of the United States Trustee's ("UST's") Motion to Dismiss, or in the Alternative to Convert the Case to Chapter 11. These are core proceedings pursuant to 28 U.S.C. §157(b)(2)(A). The Court has jurisdiction to address these matters under 28 U.S.C.

§1334. For the following reasons, both Debtor's Motion to Grant Discharge and the UST's Motion to Dismiss or Convert are DENIED.

**FINDINGS OF FACT**

Debtor's §341(a)[1] meeting of creditors was first set for November 13, 2017. Dckt. No. 5. Pursuant to Rules[2] 1017(e) and 4004(a), the last day to file a §707(b) or (c) motion to dismiss the bankruptcy case, or to object to Debtor's discharge, was January 12, 2018.

The UST and Debtor entered into three consent orders extending the time for the UST to object to Debtor's discharge or to file a motion to dismiss under §707. Dckt. Nos. 22, 40, and 44. The final consent order ("Consent Order") prepared by the UST extended "[t]he time for the [UST] to file a complaint objecting to the entry of a discharge or to file a motion to dismiss under §707 . . . to June 11, 2018." Dckt. No. 44. Notwithstanding the language in the Consent Order noting the deadline as **June 11, 2018**, the Clerk's Office incorrectly summarized the order on the docket as:

> Order Granting Motion to Extend Time to File Objection to Discharge Under 727 and a Motion to Dismiss Under Section 707 (Related Doc 42) Filed on

---

[1] Unless otherwise noted, all sections refer to Title 11 of the United States Bankruptcy Code.

[2] Unless otherwise noted, all references to Rules refer to Federal Rules of Bankruptcy Procedure.

AO 72A

(Rev. 8/82)

> 5/31/2018. **Last day to oppose discharge or dischargeability is 7/11/2018**. []

Dckt. No. 44, Docket Entry Text (emphasis added). In turn, the electronic filing system automatically generated a Notice of Electronic Filing ("NEF") e-mailed to all parties registered to receive e-mail notifications with the text showing the incorrect deadline of **July 11, 2018**, and providing recipients with a hyperlink to the actual Consent Order which contained the correct deadline. Id. Unfortunately, the UST calendared the incorrect date set forth in the NEF notice, rather than the date in the actual Consent Order.

On June 14, 2018, prior to Debtor receiving his discharge, Morris Bank and Merchants and Citizens Bank (collectively, the "Banks") filed separate motions to dismiss pursuant to **§707(a)**. Dckt. Nos. 46 and 47. On June 18, 2018, Debtor filed a Request for Entry of Discharge Forthwith Pursuant to Federal Rule of Bankruptcy Procedure 4004(c) arguing the Banks' §707(a) motions are untimely and discharge should be entered. Dckt. No. 51.

On June 21, 2018, ten (10) days after the deadline in the Consent Order expired, but prior to the incorrect NEF noted deadline, the Clerk's Office modified the summary adding the following highlighted language:

> Order Granting Motion to Extend Time to File Objection to Discharge Under 727 and a Motion to Dismiss Under Section 707 (Related Doc 42) Filed on 5/31/2018. Last day to oppose discharge or dischargeability is **6/11/2018. [] Modified on 6/21/2018 []. Modified docket entry and docket report to reflect the correct deadline for objections to discharge or dischargeablility and for motions to dismiss under Section 707, changing the deadline from 7/11/2018 to 6/11/2018 (Entered: 05/31/2018)**.

Dckt. No. 44, Docket Entry Text (emphasis added). Following this modification, a NEF was automatically e-mailed to registered parties with this revised text.

On June 28, 2018, seven (7) days after the deadline set forth in the Consent Order, but prior to the expiration of the incorrect date initially provided in the NEF, the UST filed an Objection to Debtor's Request for Entry of Discharge and a §707(a) Motion to Dismiss, or in the Alternative, to Convert Case to a Chapter 11. Dckt. Nos. 61 and 62.

## CONCLUSIONS OF LAW

Debtor contends the language of Rule 4004(c)[3] mandates

---

[3] Rule 4004(c) provides:

> (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> (A) the debtor is not an individual;

the "immediate" entry of discharge; and that, while there is no express deadline to file §707(a)[4] motions to dismiss, the

---

> (B) a complaint, or a motion under § 727(a)(8) or (a)(9), objecting to the discharge has been filed and not decided in the debtor's favor;
> (C) the debtor has filed a waiver under § 727(a)(10);
> (D) a motion to dismiss the case under § 707 is pending;
> (E) a motion to extend the time for filing a complaint objecting to the discharge is pending;
> (F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending;
> (G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code, unless the court has waived the fees under 28 U.S.C. § 1930(f);
> (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7);
> (I) a motion to delay or postpone discharge under § 727(a)(12) is pending;
> (J) a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;
> (K) a presumption is in effect under § 524(m) that a reaffirmation agreement is an undue hardship and the court has not concluded a hearing on the presumption; or
> (L) a motion is pending to delay discharge because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

Fed. R. Bankr. P. 4004(c)(1)(A)-(L).

[4] The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

AO 72A
(Rev. 8/82)

Bankruptcy Code's statutory scheme moots the filing of such motions after the expiration of the deadlines set forth in Rule 4004(c).

Conversely, the Banks and the UST argue, unlike §707(b) and (c) motions, there is no specific deadline to file a §707(a) motion to dismiss. The Rules provide the Court shall enter a debtor's discharge "forthwith" unless an applicable Rule 4004(c)(1) exception applies. See Fed. R. Bankr. P. 4004(c)(1). The UST and the Banks argue "forthwith" does not mean "immediately," rather it means "reasonable under the circumstances." Since the Banks' and the UST's §707(a) motions to dismiss were pending before the discharge was entered, they contend the motions delay entry of the discharge. If necessary, the UST also requests the Court use its equitable powers under §105 and Rule 9006(b)(1) to toll the deadline set forth in the Consent Order or otherwise deem the UST's motion as timely.

---

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. §707(a).

**Debtor's Request for Entry of Discharge Forthwith.**

Rule 4004(c)(1) mandates: "[i]n a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if . . . a motion to dismiss the case under §707 is pending." Fed. R. Bankr. P. 4004(c)(1)(D). Subsection (c)(1)(D) was amended in 2002 to expressly provide that a pending §707 motion to dismiss postpones the entry of a discharge, and the Advisory Committee notes explain the amendment was added:

> to provide that the filing of a motion to dismiss under §707 of the Bankruptcy Code postpones the entry of the discharge. Under the [pre-2002] version of the rule, only motions to dismiss brought under §707(b) cause[d] the postponement of the discharge. This amendment would change the result in cases such as In re Tanenbaum, 210 B.R. 182 (Bankr. D. Colo. 1997).

Adv. Comm. Note to 2002 amendment. Prior to this amendment, In re Tanenbaum had held a §707(a) motion filed prior to the expiration of the 60 day deadline did not delay entry of a debtor's discharge. In re Tanenbaum, 210 B.R. 182 (Bankr. D. Colo. 1997).

Rule 1017(e)[5] provides that a "motion to dismiss a case

[5] Rule 1017(e) provides:

> (e) The court may dismiss or, with the debtor's consent, convert an individual debtor's case for abuse under §707(b) only on motion and after a hearing on notice to the debtor,

AO 72A
(Rev. 8/82)

for abuse under §707(b) or (c) may be filed only within 60 days after the first date set for the meeting of creditors under §341(a), unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss." Fed. R. Bankr. P. 1017(e) (emphasis added). There is no such deadline for §707(a) motions to dismiss. In re Weeks, 306 B.R. 587, 589 (Bankr. E.D. Mich. 2004). In addition to their different treatment in the Rules, the Eleventh Circuit also has recognized the "material differences between §707(a) and §707(b)." See

---

the trustee, the United States trustee, and any other entity as the court directs.

> (1) Except as otherwise provided in §704(b)(2), a motion to dismiss a case for abuse under §707(b) or (c) may be filed only within 60 days after the first date set for the meeting of creditors under §341(a), unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss. The party filing the motion shall set forth in the motion all matters to be considered at the hearing. In addition, a motion to dismiss under §707(b)(1) and (3) shall state with particularity the circumstances alleged to constitute abuse.
>
> (2) If the hearing is set on the court's own motion, notice of the hearing shall be served on the debtor no later than 60 days after the first date set for the meeting of creditors under §341(a). The notice shall set forth all matters to be considered by the court at the hearing.

Fed. R. Bankr. P. 1017(e).

generally In re Piazza, 719 F.3d 1253, 1270 (11th Cir. 2013)("The text and structure of subsection (a) and (b) also make clear they are 'couched in very different terms.'")(citations omitted).[6]

In this case, the Court must determine whether the discharge should have been entered immediately after the deadline in the Consent Order expired to comply with Rule 4004's mandate to enter a discharge "forthwith." Neither the Bankruptcy Code nor the Rules define "forthwith." "Where the breadth of a statutory definition creates ambiguity, it is appropriate to look to the ordinary meaning of the term being defined . . . in settling on a fair reading of the statute." Bond v. U.S., 572 U.S. 844, 845 (2014).

The ordinary meaning of "forthwith" is "immediately, without delay; directly, promptly, within a reasonable time under the circumstances, with all convenient speed." "Forthwith," Black's Law Dictionary (10th ed. 2014). The Eleventh Circuit has defined "forthwith" as requiring "reasonable promptness, diligence or dispatch." Libby v. U.S., 840 F.2d 818, 820 (11th Cir. 1988), abrogated on other grounds by Henderson v. U.S., 517 U.S. 654

[6] Similar to the Piazza debtor, Debtor's debts are primarily business, non-consumer debts. See Dckt. No. 1, ¶16, p. 6, Voluntary Petition for Individuals Filing Bankruptcy; Dckt. No. 28, ¶7, p. 1, Summary of Your Assets and Liabilities and Certain Statistical Information.

(1996)(considering "forthwith" in the context of the Admiralty Act).

The Debtor argues "forthwith" means "immediately" citing the First Circuit Bankruptcy Appellate Panel in In re Rosado, 2011 WL 4572021 (B.A.P. 1st Cir. Aug. 10, 2011). In Rosado, the Bankruptcy Appellate Panel determined the bankruptcy court's 19-day delay before entering the discharge because of the pendency of a §523 action was inappropriate and held:

> In this case, none of the exceptions listed in Bankruptcy Rule 4004(c) were present on the expiration of the extended deadline. The only pending complaints were those seeking a determination of an exception to the dischargeability of particular debts under §523. The pendency of such [§523] complaints is not a sufficient reason to delay a debtor's discharge under the rule . . . . Because it had no basis upon which to delay or deny the entry of the discharge, the bankruptcy court was required to grant the discharge 'forthwith.' [citing Black's Law Dictionary and the Eleventh Circuit's Coggin v. Coggin (In re Coggin), 30 F. 3d 1443, 1449 (11th Cir. 1994) for the definition of 'forthwith')] . . . . Accordingly, the bankruptcy court abused its discretion and erred when it denied the [d]ebtor's requests for entry of his discharge.

Rosado, 2011 WL 4572021, at *3.

Unlike a §707 motion, the pendency of a §523 complaint does not delay the entry of discharge. See Rule 4004(c)(1) infra. Also, unlike §523, the Rules and Code do not establish a deadline for filing §707(a) motions to dismiss. Compare Rule

AO 72A
(Rev. 8/82)

4007(c)(deadline for filing §523 complaints) with Rule 1017(e)(deadline for filing §707(b) and (c) motions to dismiss); see Weeks, 306 B.R. at 589. Rosado also does not provide detailed analysis of the meaning of "forthwith," but cites the Eleventh Circuit's In re Coggin case which ultimately defined "forthwith" under Rule 4003(c) to mean "as soon as practicable after the passage of the bar date . . . ." Rosado, 2011 WL 4572021, at *3, n.2 (citing In re Coggin, 30 F.3d 1443, 1449 (11th Cir. 1994)).

In this case, the UST and Debtor extended the time for the UST to file a motion to dismiss and object to discharge to June 11, 2018. The Banks filed their §707(a) motions on June 14, 2018. The issue is whether the Court failed to fulfill its duty to issue discharge "forthwith" when the discharge was not entered during the period between the expiration of the June 11th deadline and the June 14th filing of the Banks' §707(a) motions, when Debtor had previously satisfied all the other Rule 4004(c)(1) requirements.

Under Rule 4004(c)(1), a debtor is eligible to receive a discharge "forthwith" after the expiration of the sixty days after the first date set for the §341 meeting of creditors, except the court shall not grant a discharge if:

> (A) the debtor is not an individual;
> (B) a complaint, or a motion under § 727(a)(8) or (a)(9), objecting to the discharge has been filed and not decided

> in the debtor's favor;
> (C) the debtor has filed a waiver under § 727(a)(10);
> (D) a motion to dismiss the case under § 707 is pending;
> (E) a motion to extend the time for filing a complaint objecting to the discharge is pending;
> (F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending;
> (G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code, unless the court has waived the fees under 28 U.S.C. § 1930(f);
> (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7);
> (I) a motion to delay or postpone discharge under § 727(a)(12) is pending;
> (J) a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;
> (K) a presumption is in effect under § 524(m) that a reaffirmation agreement is an undue hardship and the court has not concluded a hearing on the presumption; or
> (L) a motion is pending to delay discharge because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

Rule 4004(c)(1)(A)-(L).

Some of the exceptions listed in Rule 4004(c)(1) are in a debtor's control and may be satisfied well after the time fixed for filing objections to discharge and the sixty-day period provided by Rule 1017(e) have expired, such as paying fees and filing the personal financial management certificate. See Rule 4004(c)(1)(G) and 4004(c)(1)(H); 9 Collier on Bankruptcy ¶4004.04[8] (16th ed. 2016)(A §707(a)(2) motion to dismiss may be filed after the 60 day deadline for the failure to pay filing fees

and the case may be dismissed and no discharge entered.). Similarly, Rule 4004(b)(2) and (c)(1)(E) contemplate a gap period where a motion to extend the time to file an objection to discharge may be filed after the time for objection has expired, but before discharge is granted.[7] In addition, Rule 9022(a)'s use of "forthwith" and "immediately" supports "forthwith" being defined as "within a reasonable time under the circumstances" rather than instanter.[8] Forthwith, Black's Law Dictionary (10th ed. 2014).

---

[7] Fed. R. Bankr. P. 4004(b)(2) provides:

> A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Fed. R. Bankr. P. 4004(b)(2).

Another example of the Rules contemplating a gap period can be found in Rule 9006(f). Rule 9006(f) provides an additional three days for service by mail or in compliance with the Federal Rules of Civil Procedure, demonstrating the reasonableness of a three-day gap period for service. See Fed. R. Bankr. P. 9006(f)("When there is a right or requirement to act or undertake some proceedings within a prescribed period after being served and that service is by mail or under Rule 5(b)(2)(D) (leaving with the clerk) or (F)(other means consented to) F. R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a).").

[8] Fed. R. Bankr. P. 9022(a) states:

This case highlights the tensions between a debtor's entitlement to a prompt fresh start and ensuring only eligible debtors receive discharges. These concepts are cornerstones of the bankruptcy system. While creditors and other parties in interest must diligently protect their rights, only the honest but unfortunate debtor is entitled to a prompt discharge. The advent of electronic filing heightens this tension. The Court is aware the Case Management/Electronic Case Files ("CM/ECF") system may be set to enter discharges automatically; however, there still is a need for manual quality control measures to be taken "forthwith" to prevent the improper entry of discharges. Although improperly issued discharge orders may be revoked or vacated, they create their own difficulties.

After considering the matter, the Court concludes "forthwith" does not mean "immediately." Rather, as stated in In re Coggin, it means "as soon as practicable." Coggin, 30 F.3d at 1449. Based on this definition, given the facts and

> Immediately on the entry of a judgment or order the clerk shall serve a notice of entry in the manner provided in Rule 5(b) F. R. Civ. P. on the contesting parties and on other entities as the court directs. Unless the case is a chapter 9 municipality case, the clerk shall forthwith transmit to the United States trustee a copy of the judgment or order . . . .

Fed. R. Bankr. P. 9022(a) (emphasis added).

circumstances submitted in this case, the Court finds the delay from the expiration of the June 11th deadline to June 14th does not fail to comply with the "forthwith" requirement of Rule 4004(c)(1). Rightly or wrongly, the Rules and Code do not set a deadline to file a §707(a) motion and the Banks' motions were filed prior to the entry of discharge and within the "forthwith" window. While Debtor may be correct that a §707(a) motion to dismiss may be moot if filed after discharge is entered; in this case, the Banks' motions were filed prior to entry of the discharge and therefore the motions are not moot. For these reasons, the Court concludes, under the Rules and the Code, the Banks' §707(a) motions to dismiss delay the entry of discharge in this case.[9]

**The UST's Consent Order and Motion to Dismiss.**

The Consent Order entered between Debtor and the UST provides "[t]hat the time for the [UST] to file a complaint objecting to the entry of discharge or to file a motion to dismiss **under §707** was extended to **June 11, 2018**." Dckt. No. 44 (emphasis added).[10] In this case, the Clerk's Office correctly docketed the

---

[9] Notwithstanding the foregoing, §707(a) should not be improperly used as an end run around §727 or §707(b) objection deadlines. See In re Piazza, 719 F.3d 1253 (11th Cir. 2013).

[10] Rule 5003 requires the Clerk to enter items as prescribed by the Director of the Administrative Office of the United States Courts and that the docket shall "show the date the entry is made." Fed. R. Bankr. P. 5003(a).

actual Consent Order but initially incorrectly listed the deadline as July 11, 2018 in the docket text which generated an incorrect NEF (Notice of Electronic Filing) description. In turn, the UST unfortunately calendared the incorrect date in its internal calendaring system and filed its §707 motion to dismiss and objection to entry of the discharge after the June 11th deadline expired.[11]

The UST fully acknowledges and accepts his office's role in this error but argues the Consent Order should be construed to only apply to motions to dismiss brought under §707(b) and (c), not to §707(a) motions to dismiss. Arguing to hold otherwise, would create a de facto §707(a) deadline when the Code has no such deadline. Dckt. No. 91 at 7. Alternatively, the UST argues the error qualifies as excusable neglect under Rule 9006(b)(1)[12] and

---

[11] The UST filed its §707(a) motion to dismiss and objection on June 28, 2018. Dckt. Nos. 61 and 62.

[12] Rule 9006(b)(1) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bank. P. 9006(b)(1).

AO 72A
(Rev. 8/82)

the Court should use its equitable §105[13] powers to deem the motion as timely since the Clerk's Office error "caused or at least contributed to the Assistant UST's mis-calendaring of the deadline." Id. at 2. Conversely, Debtor argues the terms of the Consent Order control the time for the UST to file such motions and there are no compelling equitable considerations to deem the UST's motion as timely filed.

"A consent order is a 'court decree that all parties agree to.' Black's Law Dictionary (8th ed. 2004). A consent order has many attributes of an ordinary contract and therefore should be construed as a contract." In re Simpson, 2008 WL 7375850, at *1 (Bankr. S.D. Ga. May 9, 2008). "Because a consent order should be construed like a contract, if the consent order is reduced to writing, 'the writing, in absence of ambiguity, mutual mistake, or fraud is the sole expositor of the transaction and the intention

---

[13] Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a).

of the parties.'" Id. "Contract language is unambiguous if it is capable of only one reasonable interpretation." Caswell v. Anderson, 527 S.E.2d 582, 582 (Ga. Ct. App. 2000).

In this case, the Consent Order unambiguously sets forth the time for the UST to file a motion to dismiss under §707 and any objections to discharge. Furthermore, even if the Consent Order language is deemed ambiguous, any ambiguity would be construed against the UST, as the preparer of the Order. See Manning v. School Bd. Of Hillsborough Cty., FL, 1995 WL 1773810, at *16 (M.D. Fla. June 23, 1995) ("[E]ven if the language were ambiguous, the Court, in applying well-established rules of construction, would construe the ambiguity against Plaintiffs as the drafters of the proposed [c]onsent [o]rder."). In this case, the Consent Order set the agreed upon time for the UST to file a §707 motion or a §727 objection to discharge. The agreement is supported by consideration, as part of the benefit of the bargain to extend the statutorily imposed §727 and §707(b) and (c) deadlines, the UST and Debtor agreed the deadline for the UST to file any §707 motions was June 11, 2018. Therefore, as to the UST, the terms of the Consent Order apply to all §707 motions, not just §707(b) and (c) motions. In declaring the UST's §707(a) motion as untimely, the Court is not creating a de facto §707(a) deadline, rather it is enforcing the unambiguous terms of the

agreement reached by the parties.

The Electronic Case Filing Rules for the Southern District of Georgia provide "[w]hen a document has been filed electronically, **the official record is the electronic recording of the document** as stored by the Court, and the filing party is bound by the document as filed." S.D.Ga. ECF L.R. 3 (emphasis added). Further, "[i]t is the responsibility of every attorney to read the substance of each order received from the court and that it is not sufficient to rely on the email notifications received from the electronic filing system." Two-Way Media LLC v. AT&T, Inc., 782 F.3d 1311, 1315 (Fed. Cir. 2015). Based upon the rule, the UST is bound by the terms set forth in the actual document, the Consent Order, not the text of the docket entry.

Furthermore, as to the UST's excusable neglect argument, Rule 9006(b)(1)[14] applies "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or **by order of court**." Fed. R. Bankr. P. 9006(b)(emphasis added). Therefore, the Court must consider In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) factors, in particular:

(1) the danger of prejudice to the [opposing party];

(2) the length of the delay and its potential impact on

[14] See n.12 supra.

AO 72A

(Rev. 8/82)

judicial proceedings;

(3) the reason for the delay, including whether it was in the reasonable control of the movant; and

(4) whether the movant acted in good faith.

Pioneer, 507 U.S. at 394-95; see also Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322 (11th Cir. 1996)(applying Pioneer's four factor test). In this case, the Debtor is significantly prejudiced if the deadline is extended. Debtors are entitled to a prompt discharge and creditors and other parties in interest are required under the Rules to act diligently in pursuing their rights. Under these circumstances, having to defend the UST's §707(a) motion is prejudicial to the Debtor. Furthermore, while the calendaring error is unfortunate, the reason for the delay does not satisfy the Pioneer factors for excusable neglect. The deadline was agreed to, set by the parties, and established by the Consent Order prepared by the UST. As previously discussed, the ECF Rules provide the terms of the Consent Order control. While unfortunate, the reasons for the delay were in the reasonable control of the UST. These two factors weigh heavily against the UST,[15] therefore, the Court will not enlarge the deadline to file §707 motions due to excusable neglect.

---

[15] The other two factors weigh in favor of the UST, but are not strong enough to overcome the other factors found to be determinative in this case.

As to the UST's argument for equitable tolling under §105, the UST's arguments fails.  See generally In re Withrow, 570 B.R. 452 (Bankr. N.D. Ga. 2017); In re Bullock, 2013 WL 2338620 (Bankr. N.D. Ga. Apr. 18, 2013)("[A]lthough the Eleventh Circuit has not determined whether equitable tolling is a viable defense to a Rule 4004 defense, even if this Court were to conclude that it was viable, Plaintiff has not satisfied the Court that the equities are in its favor.").  In this case, the UST had both constructive and actual knowledge of the agreed upon deadline and could not have reasonably relied upon the Clerk's incorrect summary of his own agreement with Debtor.

The UST cites two Middle District of Georgia cases to support his position that a Clerk's Office error should result in the equitable tolling of a deadline.  See In re Kurth, 116 B.R. 309 (Bankr. N.D. Ga. 1990) and In re Ray, 2012 WL 6110198 (Bankr. M.D. Ga. Dec. 10, 2012).  However, neither of these cases involve consent orders and each is factually distinguishable from the current case.

In Kurth, the case was originally filed as a chapter 13 case and the Clerk's Office mailed a notice to all creditors stating that the deadline for filing dischargeability complaints was "not applicable."  Kurth, 116 B.R. at 309.  The case later converted and a second notice was sent to creditors providing an

incorrect deadline for filing §523(c) complaints, and a creditor relied upon the incorrect date stated in the notice. The Kurth court used its equitable powers to relieve the creditor from missing the actual statutorily imposed deadline to prevent an injustice from the clerk's office's second notice because the creditor "relied on the [second] notice issued by the [c]lerk's [o]ffice, and had no knowledge that the bar date had not been extended." Id. at 310.

In Ray, the clerk's office issued a notice of §341 meeting and deadline for objections to discharge. The original trustee resigned, and a successor trustee was appointed. In response to the appointment of the successor trustee, the clerk's office issued a second notice of §341 meeting, which included an incorrect deadline to object to discharge. The trustee then filed a motion to extend time to file complaints objecting to discharge using the incorrect deadline provided in the second notice. This motion was filed after the expiration of the proper bar date, but before the incorrect deadline expired. The court concluded, "[w]hen the clerk's office is carrying out duties imposed by the Rules, such as notifying interested parties of the deadline for filing objections to discharge, the recipients of such notice may justifiably rely on the contents of the notice. The Court may use its equitable powers to correct any errors that result." Ray,

2012 WL 6110198, at *6. Thus, the court, using its equitable authority under §105, deemed the trustee's late filed motion to extend time for filing complaints as timely filed. Id.

The facts in this case are distinguishable from these and the other cases cited by the UST. In both Kurth and Ray, the clerk actually drafted the documents themselves establishing and noticing the deadlines, while in this case, the UST drafted the Consent Order establishing the deadline. The Clerk's Office error was not in setting or drafting the deadline, the error was in summarizing the agreed upon terms of the Consent Order reached by the UST and Debtor. This error is unfortunate, but not one upon which the UST could reasonably rely, nor does it constitute excusable neglect. For these reasons, the Court does not find excusable neglect under Rule 9006(b)(1) and declines to exercise its equitable powers under §105 to deem the UST's motion to dismiss as timely filed. Therefore, the UST's motion to dismiss is denied as untimely.

For these reasons, the Debtor's Motion to Grant Discharge is ORDERED DENIED. It is FURTHER ORDERED that the UST's Motion to Dismiss is DENIED as untimely. The Clerk is directed to specially set a hearing on the Banks' §707(a) Motions to Dismiss.

**[END OF DOCUMENT]**